Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4650 | **DATE** | 7/1/13 |
| **CASE TITLE** | U.S. ex rel. Cordell Perry (#K-53526) vs. R. Harrington, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. Petitioner's motion to hold federal habeas corpus in abeyance [#4] is granted. The case is stayed pending disposition of ongoing post-conviction proceedings in the state court system. The State need only enter an appearance at this time; no response to the petition is required until the stay is lifted. Petitioner's motion for attorney representation [#5] is denied as premature. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. Petitioner is directed to file a status report by November 1, 2013, notifying the Court as to the posture of the state court proceedings.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Cordell Perry, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first degree murder on the grounds that: (1) erroneous rulings by the trial court denied him due process by effectively preventing him asserting a theory of defense; (2) the instructions the jury received were improper in multiple respects; and (3) defense counsel provided ineffective representation.

Petitioner having shown that he is indigent [he has a balance of $8.84 in his prison trust account], his motion for leave to proceed *in forma pauperis* is granted.

Petitioner appears to have filed this action in a timely manner, but concedes that he may have procedurally defaulted as to certain claims raised in his habeas petition. Noting that the principal witness against him has now recanted her testimony, Petitioner requests that this case be held in abeyance pending resolution of a successive post-conviction petition he has filed in state court and concerning which he is awaiting ruling. Petitioner filed his federal habeas petition now in order to preserve his right to federal review of his conviction. The motion is granted. This case is stayed pending disposition of the ongoing post-conviction proceedings. Petitioner is directed to file a status report by November 1, 2013, notifying the Court as to the posture of the state court proceedings.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Respondent need only enter an appearance at this time. Respondent will be directed to answer the petition or otherwise plead after the case stay has been lifted. This threshold review order does not, of course, preclude the State from making whatever arguments it may wish to present concerning exhaustion, timeliness, procedural default, or any other defense.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

Petitioner's motion for attorney representation is denied at this time as premature. Counsel must be recruited in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require the assistance of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if Petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.